IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DARRELL SEABURN McCURDY, PRO SE, § | |
| TDCJ-CID No. 1787703, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:13-CV-0152 |
| § | |
| T. D. HAMMONS, KARLA D. WOOD, and § | |
| TEXAS POTTER COUNTY, § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION**

These claims were originally filed as part of Cause No. 6:13-CV-0363 in the United States District Court for the Eastern District of Texas, Tyler Division. Plaintiff's claims against the above-named defendants were severed by Order of Severance issued July 30, 2013 and transferred to the United States District Court for the Northern Division of Texas, Amarillo Division.

Plaintiff DARRELL SEABURN McCURDY, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983, complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his complaint, as supplemented by the allegations contained in plaintiff's September 13, 2013 response to the Court's August 20, 2013 Briefing Order and Questionnaire, plaintiff claims the defendants and others, including Potter County attorneys, the F.B.I., the C.I.A.. and nurses at the jail, conspired to manipulate plaintiff's memories and plant new ones by

the use of tazers and memory drugs in order to "spoilate" plaintiff's money and enhance the charges against him, and conspired to give plaintiff a metabolic enhancer that caused him to lose weight, going from 218 pounds to 159 pounds in 45 days to create the appearance of drug abuse.

Plaintiff requests declaratory, injunctive, and monetary relief.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

In *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989), the Supreme Court held that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." Section 1915(e) also empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992)(speaking of former section 1915(d), since revised); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir.1992). In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton v. Hernandez*, 504 U.S. at 34, 112 S.Ct. at 1734. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. The initial assessment of plaintiff's alleged facts must be weighted in plaintiff's favor, *i.e.,* the court must accept as true the facts alleged by plaintiff unless they rise to the level of the irrational or the wholly incredible. *Denton v. Hernandez*, 112 S.Ct. at 1733. Weighing in plaintiff's favor also means indulging all reasonable inferences in plaintiff's behalf. *See, Johnson v. Rodriquez*, 943 F.2d 104, 107 (1st Cir.1991). Therefore, if plaintiff's alleged facts are not clearly baseless and, if proven, would support a recognized legal theory of recovery, the plaintiff must be given an opportunity to commence the action.

Plaintiff's allegation of a conspiracy involving the defendants and unnamed county and federal authorities utilizing mind control techniques to create or enhance the appearance of drug abuse by plaintiff and to defraud him of money is plainly delusional.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff DARRELL SEABURN McCURDY be DISMISSED WITH PREJUDICE AS FACTUALLY FRIVOLOUS.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 18th day of September 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to

timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).